UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**HECTOR SAMUEL PEDROZA,**          )
         **Petitioner,**            )    **CIVIL ACTION**
                                    )    **NO.  4:17-40116-TSH**
    **v.**                          )
                                    )
**COLLETTE GOGUEN,**                )
         **Respondent.**            )
_____ )

**ORDER AND MEMORANDUM ON PETITIONER'S PETITION FOR A WRIT OF
HABEAS CORPUS (Docket No. 1)**

**January 13, 2020**

**HILLMAN, D.J.**

Hector Samuel Pedroza ("Petitioner") petitions for a writ of habeas corpus in accordance with 28 U.S.C. § 2254.  (Docket No. 1).  For the following reasons, the Court ***denies*** his petition.

**Background**

In December 2014, a jury found Petitioner guilty of one count of rape of a child.  On appeal, Petitioner argued that (1) the trial court violated his Sixth Amendment right to confront his accuser when it excluded evidence of prior accusations of abuse by the victim (his niece) against another uncle, (2) it was prejudicial error to allow substitute first complaint testimony from the victim's brother where she had told her friend and cousin prior to telling her brother, and both were present and available to testify; and (3) the prosecutor improperly vouched for the witness's credibility and misstated the evidence during closing arguments.  S.A.[1] 36–62.  The

---

[1]    Respondent's Supplemental Answer has been filed with the court under seal.  (Docket No. 21).  Citations to the S.A. page numbers are those assigned by the Respondent.

1

Massachusetts Appeals Court ("MAC") rejected these contentions and affirmed the verdict. *Com. v. Pedroza*, 90 Mass. App. Ct. 1118 (2016). Petitioner filed an application for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), raising only the argument that the trial court erred in excluding evidence of the victim's prior accusations against another uncle. The SJC denied appellate review on March 6, 2017, *see Com. v. Pedroza*, 476 Mass. 1112 (2017), and Petitioner filed a habeas corpus petition with this Court (the "Petition"). He raises three arguments:

> **Ground One**: The trial court violated his Sixth Amendment right to confront his accuser when it excluded evidence of the victim's prior accusations of sexual abuse against another uncle.
>
> **Ground Two**: It was prejudicial error to allow substitute first complaint testimony from the victim's brother where she had told her friend and cousin prior to telling her brother, and both were present and available to testify.
>
> **Ground Three**: The prosecutor improperly vouched for the witness's credibility and misstated the evidence during closing arguments.

(Docket No. 1).

## Discussion

*1. Grounds Two and Three*

A federal court may not consider a petition for habeas corpus unless the petitioner has fully exhausted his state court remedies. 28 U.S.C. § 2254(b)(1); *see also Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). To exhaust a claim, a petitioner must provide the highest state court having jurisdiction over the claims "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Massachusetts, the "decisive pleading" is the ALOFAR filed with the SJC. *Adelson*, 131 F.3d at 263. Here, Petitioner raised only Ground One in his ALOFAR. S.A. 176–85. Because the SJC

has not had the opportunity to rule on Ground Two or Ground Three, these claims are unexhausted, and the Court may not consider either one.

## 2. *Ground One*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, if a claim has been adjudicated on the merits in state court proceedings, a federal court may only grant habeas corpus relief if the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). AEDPA further provides that, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

Here, Petitioner argues that the MAC's decision was based on an unreasonable factual determination. Specifically, he challenges the MAC's finding that the trial judge did *not* exclude evidence of the victim's prior accusations. Neither the Supreme Court nor the First Circuit has yet decided whether courts should apply the unreasonableness standard laid out in § 2254(d) or the presumption of correctness standard laid out in § 2254(e)(1) to resolve challenges to a state court's factual determinations. *See Smith v. Dickhaut*, 836 F.3d 97, 101 (1st Cir. 2016). Under either standard, however, Petitioner's claim fails.[2]

---

2   Because the unreasonableness standard is "the more petitioner-friendly standard," and a petitioner who fails the unreasonableness standard will also fail the presumption of correctness

During the trial, Petitioner sought permission to cross-examine the victim about attributing certain incidents to another uncle rather than Petitioner in interviews with police officers. (Vol. 3, Tr. 161). The trial judge stated that, "if you do that, then I'd have to let the Commonwealth bring out she has always said both uncles molested her." (Vol. 3, Tr. 161). Because it was nearly time to adjourn for lunch, the trial judge postponed a decision until 2:00pm, when counsel could have another sidebar. (Vol. 3, Tr. 161). In doing so, she specifically noted that "I haven't ruled yet." (Vol. 3, Tr. 162). When the court reconvened, however, Petitioner chose not to pursue the issue further.[3]

On direct appeal, the MAC determined that Petitioner's counsel made the strategic choice not to pursue cross-examination based on the victim's prior accusations. Given the trial judge's explanation of the consequences of introducing this line of questioning, this finding was reasonable. The MAC also determined that the trial judge did not exclude the evidence. Given the attribution of strategy to Petitioner's counsel and the trial judge's explicit statement that he had not yet ruled on Petitioner's motion, this finding was also reasonable. The Court accordingly ***denies*** the Petition.[4]

## Conclusion

For the reasons stated above, the Court ***denies*** the Petition. (Docket No. 1).

---

standard, the Court applies the unreasonableness standard for the remainder of its analysis. *Dickhaut*, 836 F.3d at 101.

[3] Petitioner highlights that his counsel stated the next day that "[t]he Court has been very specific that I haven't been able to mention that the previous complaints were made against" another uncle. (Vol. 4, Tr. 158–59). But his counsel's characterization of the trial judge's actions has no bearing what the trial judge actually did, and in any event, he made this statement during the testimony of police officer, not the victim.

[4] Petitioner premises his other arguments on the unreasonableness of the MAC's factual determinations. Because the Court upholds these determinations, his additional arguments fail.

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability because I find that reasonable jurists could not debate whether Petitioner exhausted Ground Two or Three or whether the MAC based its decision on an unreasonable factual determination.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
